# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JOSE J. GONZALEZ SANCHEZ

Plaintiff

v.

SAMUEL CRUZ SANTAELLA, et al.

Defendants

CIVIL NO. 98-1533(SEC)

Consolidated With Civil 99-2160(SEC)

Section 1983

## OPINION AND ORDER

### Procedural and Factual Background

On May 14, 1998, plaintiff José J. González Sánchez, filed suit against Correctional Officers Piñeiro, Cruz Santaella and Santana, all employed by the Puerto Rico Corrections Administration for events which took place on April 7, 1998. According to plaintiff, on said date, Lieutenant Miguel A. Piñeiro ordered Officers Samuel Cruz Santaella and Santana to transport plaintiff to a hospital. The ambulance, however, did not have ventilation or seats (only a wooden bench) which caused plaintiff to feel dizzy and vomit during the ride. During the ride, plaintiff also fell to the floor while handcuffed. Although plaintiff claims no physical injury, he claims to have suffered damages in the amount of $10,000.00 from each defendant; he also requests the Court assess punitive damages in the amount of $2,000.00 per defendant. (Docket No. 1). On July 29, 1998 plaintiff amended the complaint to specify that the

Civil No. 98-1533(SEC)                                              Page -2-

damages suffered were in the form of "psychological and mental anguish." (Docket No.
6).

Plaintiff was granted pauper status on December 3, 1998. Summons issued on
April 14, 1999, and served on July 1999.[1]

Defendants Piñeiro and Cruz Santaella have appeared before the Court requesting
dismissal of the complaint citing Eleventh Amendment grounds. On October 14,
1999, plaintiff filed a separate complaint based on the April 7, 1998 incident, alleging
that his civil rights were violated because he was forced into the non-ventilated
ambulance without the use of stairs and while handcuffed. According to plaintiff,
Officer Santana told him to "drag himself up if he wanted to" ("El oficial Santana me
dijo que me subiera arrastrándome, si yo quería."). Plaintiff also states that Officer
Santaella, who was the driver, used illegal procedures which violated his rights as a
citizen and as a patient. He claims no specific monetary damages, only that his civil
rights be respected and his moral damages be paid. González Sánchez v. Piñeiro, Civil
No. 99-2160(SEC). Said case has been consolidated with the instant action.

For the reasons set forth herein, the Court grants defendants' request for
dismissal.

The Eleventh Amendment

The Eleventh Amendment, which bars money damage claims under Section

_____

[1] According to the record, Summons for Officers Santana and Santaella were
delivered to their supervisor, Lt. Rafael Santos, on July 14, 1999; Lt. Piñeiro was
personally served on July 20, 1999. (Docket Nos. 11-12).

Civil No. 98-1533(SEC)                                              Page -3-

1983 asserted by a private individual against an unconsenting state, <u>Will v. Michigan</u>

<u>Dept. of Police</u>, 491 U.S. 58, 62 (1989); <u>Wilson v. Brown</u>, 889 F.2d 1195, 1197

(1st Cir. 1989), embodies a constitutional constraint on the exercise of federal judicial

power that renders an "unconsenting state immune from suits brought in federal courts

by her own citizens as well as by citizens of another State." <u>Employees of Dept. of</u>

<u>Public Health & Welfare v. Dept. of Public Health & Welfare</u>, 411 U.S. 279, 280

(1973).

In <u>Ursulich v. Puerto Rico National Guard</u>, 384 F. Supp. 736, 737 (D.P.R.

1974), the Court held that "it is inherent in the nature of sovereignty not to be

amenable to suit without consent.  This principle applies with full force to the states of

the Union.  Likewise, this principle is applicable to Puerto Rico."

The First Circuit Court of Appeals has held that the Eleventh Amendment

deprives the federal court from hearing claims for damages against the Commonwealth

of Puerto Rico.  <u>Figueroa-Rodríguez v. Aquino</u>, 863 F.2d 1037, 1044 (1st Cir.

1988); <u>Ramírez v. Puerto Rico Fire Service</u>, 715 F.2d 694, 697 (1st Cir. 1983).

"Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh

Amendment in all respects." <u>Ezratty v. Commonwealth of Puerto Rico</u>, 648 F.2d 770,

776 (1st Cir. 1988).

"The Eleventh Amendment, despite the absence of any express reference,

pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico

were a State." <u>De León López v. Corporación Insular de Seguros</u>, 931 F.2d 116, 121

(1st Cir. 1991).  <u>See also, Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer</u>

Civil No. 98-1533(SEC)                                             Page -4-

Authority, 945 F.2d 10, 11 n.1 (1st Cir. 1991), reversed and remanded on other grounds, 503 U.S. 139 (1993); Rodríguez García v. Dávila, 904 F.2d 90, 98 (1st Cir. 1990).

Although the Commonwealth of Puerto Rico has consented to be sued for damages only in the Courts of the Commonwealth of Puerto Rico. Ursulich, 384 F. Supp. at 737, it has not waived Eleventh Amendment immunity to be sued for damages in federal court. Figueroa-Rodríguez v. Aquino, 863 F.2d 1037, 1045 (1st Cir. 1988).

"The factors to be taken into account when determining if an entity is an alter ego of the state are whether it performs a government function, whether it functions with substantial autonomy, to what extent it is financed independently of the state treasury, and if a judgment sought to be entered against the [entity] will be satisfied by the state treasury." Culebras Enterprises Corp. v. Rivera Ríos, 813 F.2d 506, 517 (1st Cir. 1987).

In Reyes v. Supervisor of Drug Enforcement Administration, 647 F. Supp. 1509, 1513 (D.P.R. 1986), aff'd, 834 F.2d 1093 (1st Cir. 1987), it was established that a claim for money damages against the Puerto Rico Police Department in federal court is barred by the Eleventh Amendment. Eleventh Amendment immunity has likewise been extended to suits brought against state officials in the exercise of their duties to uphold government policy where recovery will come from the public fisc. Kentucky v. Graham, 473 U.S. 159 (1985).

Official capacity suits ... generally represent only another

Civil No. 98-1533(SEC)                                                    Page -5-

> way of pleading an action against an entity of which an officer is an agent.
>
> As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is not a suit against the official personally, for the real party in interest is the entity.
>
> But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the state itself.

<u>Will</u>, 109 S.Ct. at 2311 (internal citations and quotations omitted).

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the state has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

<u>Id.</u>, at 2309 (internal citations and quotations omitted).

Conclusion

Plaintiff's claim cannot prosper on Eleventh Amendment grounds.  Moreover, plaintiff's allegations fall short of claiming a deprivation of his prisoner civil rights. Negligently inflicted injury does not amount to a constitutional violation merely because the victim is a prisoner.  "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.'"  <u>Daniels v. Williams</u>, 474 U.S. 327, 333 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986).

Civil No. 98-1533(SEC)                                                          Page -6-

    Quite simply, plaintiff's claim is a negligence tort law claim.  "Although plaintiff's

jailors must exercise a special duty of care owed to those in their custody under state

law, the Due Process Clause of the Fourteenth Amendment does [not] embrace such a

tort law concept."  <u>Daniels</u>, 474 U.S. at 335-36.  Simple negligence does not state a

claim for denial of due process in violation of the Fourteenth Amendment, or

deprivation of plaintiff's civil rights.

    WHEREFORE, for the reasons set forth herein, defendants' "Motion to Dismiss"

(Docket No. 15) is GRANTED.  This Case, consolidated with Civil No. 99-

2160(SEC), therefore, is DISMISSED with prejudice in its entirety.  Judgment shall be

entered accordingly.

    SO ORDERED.

In San Juan, Puerto Rico, this 6TH day of December, 1999.

SALVADOR E. CASELLAS
U.S. DISTRICT JUDGE